## SUPERIOR COURT

Arthur E. Dwelly et als. }
vs.           }
Herman Rocklin    } Eq.No.2017
and          }
Jacob · H. Robinson }

RESCRIPT.

July 13, 1925.

HAHN, J. Heard on demurrer to second amended bill of complaint.

Demurrers to the original and amended bill of complaint were sustained at previous hearings and rescripts to that effect are of record.* The only new matter in the second amended bill is contained in the

seventh and eighth paragraphs.

The seventh paragraph alleges that the complainants made arrangements to remove their cottages to an adjacent piece of land and entered into negotiations to acquire said land for such purpose, but that such acquisition was delayed, in part at least, by attempts on the part of respondents to acquire said land. This latter charge is on information and belief and at best is not very definite.

Furthermore the charge appears to rest upon the assumption that this move to the adjacent land was contemplated by both parties in executing the lease with provision for removal, at least there is nothing to show that it was the only move that could or might be made. Perhaps it was the logical move, but the lease merely provides for removal without stipulation as to the manner in which, or the place to which, the removal should be made. There is nothing in the type of house (evidently summer cottage) mentioned in the lease that would raise a presumption of great difficulty of removal, i. e., that it could not be moved with speed or to any but a certain place.

It is accordingly difficult to see how relief can be given under this paragraph.

Regarding the allegations of the eighth paragraph as to the difficulty of effecting the removal within the thirty days, it should be borne in mind that the provisions of the lease as to removal were explicit and mandatory.

"16. It is understood and agreed that the leasee has the right to remove all buildings erected by it within the leased premises on or before the termination of this lease and if not so removed shall thereupon become the property of the lessor."

By another provision the lease could be terminated by either party at thirty days' notice. Such provisions are controlling and relief cannot readily be given against them except upon a definite showing of accident, mistake or fraud. As was said in a somewhat similar case:

"The nature of the contract having expressly made the time of performance essential and his right to the property dependent upon it, the plaintiff shows no equitable circumstances of accident or mistake under which relief should be given."

Oesting vs. New Bedford, 210 Mass. 396, 401.

See also, Uffman vs. Meyle, 168 N. Y. S. 483.

It might well seem that thirty days was a short time to specify for the removal, but that was the stipulation. Perhaps if the provision for removal had incorporated in the same paragraph the element of time, instead of depending upon the termination of the lease by way of notice, a longer time would have been sought and specified. However, it is not charged that it was physically impossible for any tenant to make the removal within the thirty days. On the contrary it is conceded that some removals were actually accomplished, others attempted, but as a unit, the removal could not be accomplished on time. It would appear, however, that notwithstanding the joinder of parties, the rights of each complainant must stand alone, and the fact that some of the owners succeeded in making the removal on time would appear to indicate that individually the thing was not impossible as a rule, whatever the circumstances of a particular case that might make it an exception. If relief can be given it would appear that it can only be given in the particular case or instance and not in a general or blanket form.

The demurrer to the second amended bill of complaint is accordingly sustained.

For Complainant: William Williams, Green, Curran & Hart.

For Respondents: Jeremiah A. Sullivan.

_____

* Rescript of May 18, 1925.